**INDEX OF DOCUMENTS FILED
WITH REMOVAL ACTION**

**WILLIAM TODD BLACK AND JEFFREY ALAN LAPINE
V. JOSIAH BARBER AND REBECCA HARKINS**

(a)     Plaintiffs' Original Petition;

(b)     Plaintiffs' First Amended Petition;

(c)     Executed Citation on Defendant GEICO;

(d)     Defendant GEICO's Original Answer;

(e)     Defendant GEICO's Demand for Jury Trial;

(f)     Defendant's Motion for Substitution of Counsel;

(g)     Executed Order for Substitution of Counsel; and

(h)     Docket Sheet.

*Exhibit D*

7/12/2019 10:13 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35075394
By: Nelson Cuero
Filed: 7/12/2019 10:13 AM

# 2019-47293 / Court: 234

NO. _____

| | | |
|---|---|---|
| **WILLIAM TODD BLACK and** | § | **IN THE DISTRICT COURT** |
| **JEFFREY ALAN LAPINE** | § | |
| *Plaintiffs*, | § | |
| **V.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **JOSIAH BARBER and** | § | |
| **REBECCA HARKINS** | § | |
| *Defendants.* | § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, WILLIAM BLACK and JEFFREY LAPINE, hereinafter called Plaintiffs, complaining of and about JOSIAH BARBER and REBECCA HARKINS, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff affirmatively plead that they seek monetary relief of $200,000.00 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, WILLIAM BLACK, is an individual who resides in Harris County, Texas.

3.      Plaintiff, JEFFREY LAPINE, is an individual who resides in Harris County, Texas.

4.      Defendant, JOSIAH BARBER is an individual who resides in Texas, may be served with process at his home at the following address: 6514 Darby Way, Spring, Texas 77389. Service of said Defendant as described above can be affected by personal delivery.

1

5.      Defendant, REBECCA HARKINS is an individual who resides in Texas, may be served with process at her home at the following address: 6514 Darby Way, Spring, Texas 77389. Service of said Defendant as described above can be affected by personal delivery.

### JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This court has jurisdiction over the parties because Defendants are residents of the State of Texas.

8.      Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### FACTS

9.      On September 10, 2018, Plaintiff WILLIAM BLACK with passenger JEFFREY LAPINE was on the 500 block of Bammel Road when Defendant, JOSIAH BARBER driving a vehicle owned by REBECCA HARKINS failed to control his vehicle's speed and distance and without warning rear-ended the Plaintiff's vehicle. The investigating officer cited JOSIAH BARBER for failure to control speed. As a result of this accident, Plaintiffs sustained serious personal injuries for which they had to seek the care of medical professionals.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST JOSIAH BARBER

10.      Defendant JOSIAH BARBER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11.      Plaintiffs' injuries were proximately caused by Defendant JOSIAH BARBER's negligent, careless, and reckless disregard of said duty.

12.    The negligent, careless, and reckless disregard of duty of Defendant JOSIAH BARBER consisted of, but is not limited to, the following acts and omissions:

    A.    Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    B.    Failure to maintain a reasonable, safe, and prudent rate of speed;

    C.    Failure to maintain a reasonable, safe, and prudent distance between vehicles;

    D.    Driver inattention; and

    E.    Failure to maintain a single lane of traffic.

**NEGLIGENCE PER SE AGAINST JOSIAH BARBER**

13.    Defendant JOSIAH BARBER's conduct constitutes negligence per se because Defendant JOSIAH BARBER breached a duty imposed on him by statute or ordinance, including but not limited to, Texas Transportation Code § 545.351. The applicable code is designed to protect a class of persons to which Plaintiff belongs against the type of injury suffered by Plaintiff. Defendant JOSIAH BARBER violated this statute without excuse. Said violations proximately caused the collision in question, and Plaintiff's injuries and damages.

**PLAINTIFFS' CLAIM OF**
**NEGLIGENT ENTRUSTMENT AGAINST REBECCA HARKINS**

14.    Plaintiffs incorporate all preceding paragraphs by reference as if set forth in full herein.

15.    On September 10 2018, Defendant REBECCA HARKINS was the owner of the vehicle operated by JOSIAH BARBER.

16.    Defendant REBECCA HARKINS entrusted the vehicle to JOSIAH BARBER, a reckless and incompetent driver.

3

17.     Defendant REBECCA HARKINS knew, or through the exercise of reasonable care should have known, that JOSIAH BARBER was a reckless and incompetent driver.

18.     As described herein, JOSIAH BARBER was negligent on the occasion in question.

19.     JOSIAH BARBER's negligence was the proximate cause of Plaintiffs' damages.

**DAMAGES FOR PLAINTIFF, WILLIAM BLACK**

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, WILLIAM BLACK, was caused to suffer personal injuries, and to incur the following damages:

A.     The physical pain and mental anguish in the past and future;

B.     The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

C.     Physical impairment in the past and future;

D.     Physical disfigurement in the past and future; and

E.     Physical pain and suffering in the past and future.

**DAMAGES FOR PLAINTIFF, JEFFREY LAPINE**

21.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JEFFREY LAPINE, was caused to suffer personal injuries, and to incur the following damages:

A.     The physical pain and mental anguish in the past and future;

B.     The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

C.      Physical impairment in the past and future;

D.      Physical disfigurement in the past and future; and

E.      Physical pain and suffering in the past and future.

## REQUEST FOR DEPOSITION DATES

22.     Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition.

## REQUEST FOR DISCLOSURES

23.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs requests that each and every Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2(a) through (l).

## NOTICE OF USE

24.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiffs intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiffs produce within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

25.     The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, WILLIAM BLACK and JEFFREY LAPINE, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone: (832) 433-7977
Facsimile: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: July 12, 2019**

*Exhibit D*

## NO. 2019-47293

| | | |
|---|---|---|
| **WILLIAM TODD BLACK and** | § | **IN THE DISTRICT COURT** |
| **JEFFREY ALAN LAPINE** | § | |
| *Plaintiffs,* | § | |
| **V.** | § | **234th JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **JOSIAH BARBER and** | § | |
| **REBECCA HARKINS** | § | |
| *Defendants.* | § | **OF HARRIS COUNTY, TEXAS** |

### PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME**, WILLIAM BLACK and JEFFREY LAPINE, hereinafter called Plaintiffs, complaining of and about JOSIAH BARBER and REBECCA HARKINS, hereinafter called Defendants, and GEICO COUNTY MUTUAL INSURANCE COMPANY, hereinafter called, "GEICO", and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs affirmatively plead that they seek monetary relief of $200,000.00 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, WILLIAM BLACK, is an individual who resides in Harris County, Texas.

3.      Plaintiff, JEFFREY LAPINE, is an individual who resides in Harris County, Texas.

4.      Defendant, JOSIAH BARBER, is an individual who is a resident of Texas, has filed an answer, may be served by and through his attorneys of record, Ted E. Dravis and Jill R.

Unofficial Copy Office of Marily Burgess District Clerk

1

Warren; Raffalow, Bretoi, Lutz & Stele, 13620 N. FM 620, Bldg. B, Suite 125, Austin, Texas 78717. Service of said Defendant as described above can be affected by personal delivery.

5.      Defendant, REBECCA HARKINS, is an individual who is a resident of Texas, has filed an answer, may be served by and through her attorneys of record, Ted E. Dravis and Jill R. Warren; Raffalow, Bretoi, Lutz & Stele, 13620 N. FM 620, Bldg. B, Suite 125, Austin, Texas 78717. Service of said Defendant as described above can be affected by personal delivery.

6.      Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY ("GEICO"), a Nonresident Corporation, may be served pursuant to article 2.11(A) of the TEXAS BUSINESS CORPORATIONS ACT, or its successor statutes, sections 5.201 and 5.255 of the TEXAS BUSINESS ORGANIZATIONS CODE, by serving its registered agent, Dan Beacom, at 2280 N. Greenville Avenue, Richardson, Texas 75082.  Service of said Defendant as described herein may be effected by personal delivery.

## JURISDICTION AND VENUE

7.      The subject matter in controversy is within the jurisdictional limits of this court.

8.      This court has jurisdiction over the parties because Defendants are residents of the State of Texas.

9.      This court has jurisdiction over the parties because Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts with said forum sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10.     Plaintiffs would show that Defendant GOVERNMENT EMPLOYEES

2

INSURANCE COMPANY had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

11.     Plaintiffs would show that Plaintiffs' cause of action against Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY arose from its continuous and systematic contacts with the State of Texas.

12.     Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

13.     Venue in Harris County is proper in this cause under Section 1952.110(1) of the Texas Insurance Code because a policyholder or beneficiary under the insurance policy hereupon resided in said county at the time of the accident.

**FACTS**

14.     On September 10, 2018, Plaintiff, WILLIAM BLACK with passenger JEFFREY LAPINE was on the 500 block of Bammel Road when Defendant, JOSIAH BARBER driving a vehicle owned by REBECCA HARKINS failed to control his vehicle's speed and distance and without warning rear-ended the Plaintiffs' vehicle. The investigating officer cited JOSIAH BARBER for failure to control speed. As a result of this accident, Plaintiffs sustained serious personal injuries for which they had to seek the care of medical professionals.

15.     On or before September 10, 2018, Plaintiffs were in a consumer relationship with Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY, by purchasing an automobile insurance policy. As part of that policy, Plaintiffs elected to carry underinsured motorist ("UIM") coverage. When Plaintiffs purchased such policy, he relied on the representations and promises that the UIM coverage purchased would adequately protect him in

3

the unfortunate event that he were injured in an accident and that Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY would act in good faith and on his behalf. In addition, throughout the handling of this claim, Plaintiffs made good faith efforts to comply with each request from Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY.

## PRESERVATION OF EVIDENCE

16. Plaintiffs hereby request and demand that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the resulting damages including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidenced involving the incident in question, and any electronic image or information related to the referenced incident or damages.

17. Failure to maintain such items will constitute "spoliation" of the evidence.

## PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST JOSIAH BARBER

18. Defendant JOSIAH BARBER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

19. Plaintiffs' injuries were proximately caused by Defendant JOSIAH BARBER's negligent, careless, and reckless disregard of said duty.

20. The negligent, careless, and reckless disregard of duty of Defendant JOSIAH BARBER consisted of, but is not limited to, the following acts and omissions:

A.  Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

B.  Failure to maintain a reasonable, safe, and prudent rate of speed;

C.  Failure to maintain a reasonable, safe, and prudent distance between vehicles;

D.  Driver inattention; and

E.  Failure to maintain a single lane of traffic.

## NEGLIGENCE PER SE AGAINST JOSIAH BARBER

21.  Defendant JOSIAH BARBER's conduct constitutes negligence per se because Defendant JOSIAH BARBER breached a duty imposed on him by statute or ordinance, including but not limited to, Texas Transportation Code § 545.351. The applicable code is designed to protect a class of persons to which Plaintiffs belongs against the type of injury suffered by Plaintiffs. Defendant JOSIAH BARBER violated this statute without excuse. Said violations proximately caused the collision in question, and Plaintiffs' injuries and damages.

## PLAINTIFFS' CLAIM OF
## NEGLIGENT ENTRUSTMENT AGAINST REBECCA HARKINS

22.  Plaintiffs incorporate all preceding paragraphs by reference as if set forth in full herein.

23.  On September 10 2018, Defendant REBECCA HARKINS was the owner of the vehicle operated by JOSIAH BARBER.

24.  Defendant REBECCA HARKINS entrusted the vehicle to JOSIAH BARBER, a reckless and incompetent driver.

25.  Defendant REBECCA HARKINS knew, or through the exercise of reasonable care should have known, that JOSIAH BARBER was a reckless and incompetent driver.

26.     As described herein, JOSIAH BARBER was negligent on the occasion in question.

27.     JOSIAH BARBER's negligence was the proximate cause of Plaintiffs' damages.

## PLAINTIFFS' CLAIMS AGAINST GOVERNMENT EMPLOYEES INSURANCE COMPANY

28.    At the time of the accident at issue, Defendant Josiah Barber was operating an underinsured motor vehicle, as the term is defined in the applicable insurance policies.

29.     Plaintiffs timely and properly notified their insurance carrier, Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY of the accident. Plaintiffs have fully complied with all the conditions of his insurance policy prior to bringing this suit.  Nevertheless, Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY has refused to pay Plaintiffs any under insured benefits under the policies, as it is contractually required to do.

30.    In addition, Plaintiffs are entitled to recover reasonable and necessary attorney fees and costs under CPRC § 38.001 and/or Tex. Ins. Code § 542.060(a) and interest of 18% under Tex. Ins. Code §542.060.

31.     All conditions precedent have been performed or have occurred.

## PLAINTIFFS' CLAIMS AGAINST GOVERNMENT EMPLOYEES INSURANCE COMPANY BREACH OF CONTRACT

32.    At the time of the accident at issue, Josiah Barber was operating an underinsured motor vehicle, as the term is defined in the applicable insurance policies. Plaintiff sustained substantial damages as a result of this accident. Plaintiffs have settled their claims with Josiah Barber and Rebecca Harkins. However, Plaintiffs' damages exceed Josiah Barber and Rebecca Harkins' policy limits. Josiah Barber is an underinsured motorist and the policy coverage is insufficient to cover Plaintiffs' damages.

33.     Plaintiffs timely and properly notified their insurance carrier, Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY of the accident. Plaintiffs have fully complied with all the conditions of his insurance policy prior to bringing this suit.  Nevertheless, Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY refused and continues to refuse to provide adequate coverage to Plaintiffs under the above policies.  All conditions precedent have been performed or have occurred.

### DECEPTIVE TRADE PRACTICES ACT & TEXAS INSURANCE CODE

34.     Plaintiffs would show that Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY engaged in certain false, misleading, and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices-Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

35.     Specifically Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY violated the following sections under Texas Deceptive Trade Practices-Consumer Protection Act, which constitutes the following acts unlawful:

(a) Section 17.46(b)(5): representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(b) Section 17.46(b)(12): representing that an agreement confers or involves rights, remedies, or obligations for which it does not have or does not involve, or which are prohibited by law;

(c) Section 17.46(b)(24): failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(d) Section 17.50(a)(4): the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code (as described herein)

7

36. <u>Unconscionable Action or Course of Action.</u> Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY engaged in an "unconscionable action or course of action' to the detriment of Plaintiffs as defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

37. <u>Unfair Claim Settlement Practices.</u> Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY further violated Texas Insurance Code, Section 541.151(1), 541.060(a)(1), (2)(A), (3), and (7) and Section 541.151(2) by engaging in an unfair and deceptive course of conduct by failing to investigate the basis of said claims and pay benefits as set forth in the factual background above, misrepresenting to a claimant a material fact of policy provision relating to coverage, and failing to provide promptly to Plaintiffs a reasonable explanation of the factual and legal basis in the policy for their denial of benefits, which precluded Plaintiffs from receiving timely benefits. Specifically, Plaintiffs assert that Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY failed to promptly pay underinsured benefits as required by the terms and conditions of the insurance policy, and without conducting a reasonable investigation prior to denying said benefits. Said violations were a producing cause of Plaintiffs' actual damages as provided herein.

38. Plaintiffs further would show that he has made written demand for resolution of the claims set forth herein, and that said written demand satisfies the requirements of the Insurance Code and DTPA.

39. Plaintiffs further would show that the above-described actions of Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY was committed knowingly and/or

intentionally, thus entitling Plaintiffs to additional damages as provided in the Texas Insurance Code.

40.    Plaintiffs would further show that the above-described actions of Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY was committed knowingly and/or intentionally, thus entitling Plaintiffs to additional damages as provided in the DTPA.

## DAMAGES FOR PLAINTIFF, WILLIAM BLACK

41.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, WILLIAM BLACK, was caused to suffer personal injuries, and to incur the following damages:

A.    The physical pain and mental anguish in the past and future;

B.    The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

C.    Physical impairment in the past and future;

D.    Physical disfigurement in the past and future; and

E.    Physical pain and suffering in the past and future.

## DAMAGES FOR PLAINTIFF, JEFFREY LAPINE

42.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, JEFFREY LAPINE, was caused to suffer personal injuries, and to incur the following damages:

A.    The physical pain and mental anguish in the past and future;

B.    The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

9

C. Physical impairment in the past and future;

D. Physical disfigurement in the past and future; and

E. Physical pain and suffering in the past and future.

## REQUEST FOR DEPOSITION DATES

43. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiffs request that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiffs to take Defendant's deposition.

## REQUEST FOR DISCLOSURES

44. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs requests that each and every Defendant disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2(a) through (l).

## NOTICE OF USE

45. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiffs intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiffs produce within ten days of its production.

## DESIGNATED E-SERVICE EMAIL ADDRESS

46. The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, WILLIAM BLACK and

JEFFREY LAPINE, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone: (832) 433-7977
Facsimile: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiffs**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DATE FILED: November 21, 2019**

Unofficial Copy Office of Marilyn Burgess District Clerk

**Exhibit D**

## CERTIFICATE OF SERVICE

I certify that on the 21st day of November, 2019, a true and correct copy of the foregoing instrument was forwarded via certified mail, return receipt requested, and/or by hand delivery and/or by fax transmission and/or by regular mail, and/or by electronic service to opposing counsel and to all other counsel of record.

***Via Email***
Ted E. Dravis, Jr.
Raffalow, Bretoi, Lutz & Stele
13620 N FM 620, Building B, Suite 125
Austin, Texas 78717
Tel: (512) 231-4701
Fax: (512) 231-4704
austinlegal@mercuryinsurance.com
**Attorneys for Defendants**

By: _____
**Husein Hadi**

*Exhibit D*

## AFFIDAVIT ATTACHED

Receipt Number: 852622
Tracking Number: 73709936

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201947293

| | |
|---|---|
| PLAINTIFF: BLACK, WILLIAM | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT: BARBER, JOSIAH | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: GEICO COUNTY MUTUAL INSURANCE COMPANY (NONRESIDENT CORPORATION) BY SERVING ITS

REGISTERED AGENT DAN BEACOM

2280 NORTH GREENVILLE AVENUE

RICHARDSON TX 75082

    Attached is a copy of PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURES.

This instrument was filed on November 21, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 2, 2020.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CYNTHIA CLAUSELL

Issued at request of:
Hadi, Husein
7100 REGENCY SQUARE BLVD, STE 140
HOUSTON, TX  77036
832-433-7977

Bar Number: 24067641

## AFFIDAVIT ATTACHED

## Exhibit D

### OFFICER OR AUTHORIZED RETURN

Came to hand on the **2ⁿᵈ** day of **January, 2020** at **4:15 o'clock P.M.,** and executed by delivering to **GEICO County Mutual Insurance Company through its registered agent Dan Beacom by serving Chantal Casillas Authorized to accept on behalf of Dan Beacom** on the **3ʳᵈ day of January, 2020** at **8:57 o'clock A.M.,** the within named defendant, in person, a true copy of this **Citation,** together with a copy of **Plaintiff's First Amended Petition with Request for Disclosures** with date of service marked thereon, at the following location, **2280 North Greenville Avenue Richardson, Texas 75082.**

**Citation No. 201947293**

**Harris County District Court**

**234ᵗʰ Judicial District**

_____
**Authorized Person PSC: 4688 Exp: 02/28/2020**
**1801 Vassar Drive Richardson, Texas 75081**

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.

in accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

My name is **Dave Valfer,** my date of birth is **July 02, 1960** and my address is **1801 Vassar Drive Richardson, Texas 75081, Dallas County, Texas.**

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

*Exhibit D*

### INTEROFFICE MEMORANDUM

TO:        HUMAN RESOURCES
FROM:     DAN BEACOM
SUBJECT:  AUTHORIZATION TO RECEIVE LEGAL DOCUMENTS
DATE:     8/5/2019

This memorandum is to give Chantal Casillas authority to receive documents for Dan Beacom, Regional Vice President, in his absence.

Sincerely,

Dan Beacom
Regional Vice President

Unofficial Copy Office of Marilyn Burgess District Clerk

<em><strong>Exhibit D</strong></em>

## CAUSE NO. 2019-47293

| | | |
|---|---|---|
| **WILLIAM TODD BLACK and** | § | **IN THE DISTRICT COURT OF** |
| **JEFFREY ALN LAPINE** | § | |
|   **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **JOSIAH BARBER and** | § | |
| **REBECCA HARKINS** | § | |
|   **Defendant** | § | **234th JUDICIAL DISTRICT** |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFSS' FIRST AMENDED PETITON

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Defendant, **GOVERNMENT EMPLOYEES INSURANCE COMPANY'S** (hereinafter "**GEICO**") (incorrectly named GEICO COUNTY MUTUAL INSURANCE COMPANY), and files this, its Original Answer to Plaintiffs' First Amended Petition and any amendments thereto, and would respectfully show the court as follows:

## I.
## GENERAL DENIAL

1.1.    As provided in Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial to the matters pleaded by Plaintiffs and ask that these matters be the decided by this Honorable Court and Jury. Defendant denies each and every, all and singular, the allegations contained in the Plaintiffs' pleadings and demands strict proof thereof.  At this time, Defendant assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests this Court and Jury to require the Plaintiffs to prove Plaintiffs' claims, charges and allegations by the level of proof required for each element of each claim, including a preponderance of the evidence, and/or clear and convincing evidence, as required by the Constitution and the laws of the State of Texas.

## II. AFFIRMATIVE DEFENSES

2.1.    GEICO specifically denies that Plaintiffs have complied with all conditions

precedent to bringing their cause of action against this Defendant.

      2.2.    GEICO denies that Plaintiffs have complied with all conditions precedent to coverage under the insurance policy contract pursuant to which Plaintiffs have presented the insurance claims made the basis of Plaintiffs' action. Defendant would show that Plaintiffs has failed to fulfill the conditions precedent for bringing an uninsured/underinsured motorist claim against Defendant. More specifically, Plaintiffs have failed to establish that Plaintiffs are legally entitled to recover damages from the owner(s) and/or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the Plaintiffs, as a result of an accident, if any.

      2.3.    GEICO specifically denies that it failed to perform any contractual obligations under any policy issued to Plaintiffs.

      2.4.    GEICO asserts that Plaintiffs are not entitled to any attorney fees in this matter as there has not yet been a legal determination of liability or damages, if any, entitling Plaintiffs to recovery of uninsured/underinsured motorist benefits.

      2.5.    GEICO asserts that Plaintiffs are not entitled to pre-judgment interest and/or any other damages beyond the policy limits of uninsured/underinsured motorist coverage under the policy at issue, if any.

      2.6.    Defendant would show that any injuries, damages or liabilities complained of by Plaintiffs herein, are the result in whole or in part of pre-existing conditions, injuries, diseases and disabilities and/or subsequent conditions, injuries, diseases and disabilities of Plaintiffs and not the result of the accident in question, nor any act or omission on the part of GEICO.

      2.7.    Defendant would further show that Plaintiffs has failed to mitigate Plaintiffs' damages.

      2.8.    Defendant would further show that it is entitled to both indemnity and/or contribution from the other Defendant(s), any Cross-Defendants, or Third-Party Defendant(s), and from the Plaintiffs and/or a credit or pro-rata reduction of any amounts paid by any settling party

pursuant to Chapters 32 or 33 of the Texas Civil Practice and Remedies Code, the doctrine of comparative fault, and/or any other applicable law.

2.9.     Defendant would further show that Defendant is entitled to all credits and offsets allowed under the policy against damages awarded by the jury, if any. Such credits and offsets include, but are not limited to, any recovered/recoverable amount from the alleged/purported Uninsured/Underinsured motorist in this matter.  In addition, such credits and offsets include, but are not limited to, all PIP, Med Pay payments, and/or any other monies previously made by GEICO to Plaintiffs.  Further, Defendant asserts its rights to any and all legal and/or contractual offsets and/or credits to which Defendant is entitled.

2.10.   Defendant affirmatively pleads the defense set forth in Texas Civil Practices and Remedies Code Section 18.091, requiring Plaintiffs to prove Plaintiffs' loss of earning and/or loss of earning capacity in the form which represents Plaintiffs' net loss after reduction for income tax payments or unpaid tax liability on said loss of earning claim pursuant to any federal income tax law. Tex. Civ. Prac. & Rem. Code Sec. 18.091, Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiffs, if any, is subject to federal and/or state income taxes.

2.11.    Additionally, to the extent Plaintiffs' medical expenses exceed the amount actually paid on Plaintiffs behalf to their medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Teas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Sec. 41.0105.  Thus, recovery of medical or health care expenses incurred by Plaintiffs, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiffs. Defendant requests that to the extent Plaintiffs seek recovery of medical or healthcare expenses incurred, that the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs.  Defendant further requests that the Court instruct the Jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs are limited to the amount actually

paid or incurred by or on behalf of Plaintiffs.

2.12.    Answering further, Defendant further asserts that Plaintiffs' "extra-contractual" allegations are premature and without merit since no breach of the contract has occurred.

2.13.    Answering further, Defendant further asserts that it did not commit any violations or breaches of any portions of the Texas Insurance Code, including but not limited to Chapter 542, or commit any breach of duty of good faith and fair dealing, in that it has a reasonable basis for its actions/omissions and acted  reasonably in this matter.

2.14.    Plaintiffs have failed to comply with all the conditions precedent to suit, including but not limited to the notice provisions of the Texas DTPA, and other conditions precedent.

2.15.    Answering further, Defendant further asserts that it did not commit a breach of duty of good faith and fair dealing, in that its reasonable basis for its actions/omissions and acted reasonably in this matter.

2.16.    Answering further, Defendant asserts it engaged in no business practices which violate the Texas Insurance Code, including but not limited to the Section(s) 541.060.  Defendant further asserts that it committed no deceptive act or practice in connection with the matter made the basis of this suit, and at all times relevant to this matter, acted reasonably toward Plaintiffs.

2.17.    Answering further, Defendant denies that it acted fraudulently, unconscionably, and/or with malice.

2.18.    Defendant would invoke any limitation on punitive damage as set forth in the most current Texas Civil Practice and Remedies Code.  Defendant would further show that Plaintiffs' claims for exemplary or punitive damages are barred because such claims are arbitrary, unreasonable, and excessive in violation of Defendant's right to due process of law and equal protection under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under Article I, Sections 13 and 19 of the Texas Constitution.  Further, due process requires that punitive damages against a Defendant should be proved beyond a reasonable doubt under the

Sixth Amendment to the United States Constitution (or in the alternative, should be proved by clear and convincing standard of proof). Additionally, punitive damages under Texas law constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution.

2.19. DEFENDANT specifically denies that it has waived and is estopped from asserting any coverage defenses, conditions, exclusions or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

2.20. DEFENDANT specifically denies that any of Plaintiffs' claims against it for bad faith and/or breach of contract, if any, have any basis in law.

2.21. DEFENDANT specifically denies that it failed to perform any contractual obligations under any policy issued to Plaintiffs. DEFENDANT affirmatively states it satisfied all contractual obligations to Plaintiffs, and has properly complied with the policy terms, conditions, duties and limitations of coverage.

2.22. DEFENDANT specifically denies that, in the unlikely event that it is found to have committed a breach of contract, such conduct was knowing, intentional or in bad faith.

2.23. Pleading further, in the unlikely event that Defendant is found liable for damages, Defendant intends to seek a reduction of damages under the proportionate-responsibility statute in Chapter 33, Section 33.003 of the Texas Civil Practice and Remedies Code.

2.24. Policy Exclusions Preclude Coverage. Plaintiffs cannot recover, in whole or in part on her breach of contract cause of action, if any, and consequently all of the other causes of action pleaded in Plaintiffs' First Amended Petition and amendments thereto, if any, because the policy under which Plaintiffs sues contains exclusions and provisions which negate, in whole or in part, the coverage as alleged by Plaintiffs. Further, Plaintiffs cannot recover, in whole or in part on her Gross Negligence and/or claims for exemplary damages, pleaded in Plaintiffs' First Amended Petition and amendments thereto, if any, because the policy under which Plaintiffs sue contains

exclusions and provisions which negate, in whole or in part, the claims as alleged by Plaintiffs.

2.25. <u>Lack of Coverage Precludes Extra-Contractual Claims.</u>  The Plaintiffs must establish the existence of coverage and/or compensable damage for Plaintiffs' underlying insurance claim, in order to establish the basis of Plaintiffs' additional claims for declaratory relief. Because Plaintiffs' claims are generally based upon Defendant's failure to pay alleged policy benefits, the absence of coverage and/or the absence of the duty to pay for the underlying claims for relief precludes Plaintiffs' extra-contractual claims against Defendant arising out of those allegations.

2.26. <u>Credit/Offset.</u>  Any recovery by Plaintiffs must be offset against any amounts already paid to Plaintiffs, by DEFENDANT, if any, other insurers, or third parties who may be held responsible to Plaintiffs for the damages alleged herein.

2.27. <u>Failure of Conditions Precedent.</u>  Based on information and belief, and to the extent a policy exists which provides coverage to Plaintiffs, her claims are barred, in whole or in part, because Plaintiffs has failed to comply with all conditions precedent to any right to recover under the motor vehicle policy.

2.28. <u>Limit of Liability.</u>  DEFENDANT specifically pleads, as an affirmative defense pursuant to TRCP 94, the Limitation of its Liability as stated in the policy sued upon.

2.29. <u>Deductible.</u>  Any recovery, if any, will be subject to the amount of the applicable deductible in the insurance policy.

2.30. Defendant is an automobile-insurance company that is being sued by the Plaintiffs under the uninsured-underinsured provisions of an insurance policy.  In the Plaintiffs' Petition, the Plaintiffs alleges that Plaintiffs have complied with all the terms of the policy as a condition precedent to bringing the suit. On information and belief, Defendant denies that the Plaintiffs has complied with all the conditions precedent to bringing this suit, including but not limited to establishing Plaintiffs are legally entitled to recover under the provisions of the policy, by establishing liability on the part of an uninsured motorist and the damage, if any, resulting from

the accident.

### III. ALTERNATIVE PLEADINGS

3.1    To the extent that facts and/or causes of action pled in this Answer are in conflict, they are pled in the alternative.

### IV. RULE 193.7 NOTICE

4.1.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice that documents produced by Plaintiffs may be used at pretrial proceedings or at the trial of this matter.

### V. RIGHT TO AMEND ANSWER

5.1.    Defendant reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure and/or any Docket Control Order issued by this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**DAVID KNIGHT AND ASSOCIATES**

By:    _/s/ David S. Knight_____
**David S. Knight**
State Bar No. 11597300
dsknight@knight-law.net
217 Avondale St.
Houston, Texas   77006
(713) 521-9150 Telephone
(713) 521-9170 Facsimile
**ATTORNEY FOR DEFENDANT**
**GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY**

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on the 27<u>th</u> day of <u>January</u>, 2020, a true and correct copy of the above and foregoing was forwarded to all counsel of record via E-Service, certified mail, return receipt requested, regular mail, e-mail and/or facsimile.

*<u>VIA FACSIMILE(855) 423-4529</u>*
*<u>And/or E-File</u>*
litigation@thehadilawfirm.com
Husein Hadi
SBOT: 24067641
Jamil Thomas
SBOT: 24066914
Carnegie H. Mims, III
SBOT: 24046448
Sedrick Staggs
SBOT: 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone No. 832/433-7977
litigation@thehadilawfirm.com

   /s/ David S. Knight_____
**DAVID S. KNIGHT**

Unofficial Copy Office of Marilyn Burgess District Clerk

1/27/2020 2:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 40306607
By: Cynthia Clausell-McGowan
Filed: 1/27/2020 2:36 PM

## CAUSE NO. 2019-47293

| | | |
|---|---|---|
| WILLIAM TODD BLACK and | § | IN THE DISTRICT COURT OF |
| JEFFREY ALN LAPINE | § | |
|    Plaintiffs | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| JOSIAH BARBER and | § | |
| REBECCA HARKINS | § | |
|    Defendant | § | 234th JUDICIAL DISTRICT |

### DEFENDANT'S JURY DEMAND

COMES NOW, Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY (herein referred to as "GEICO"), Defendant in the above entitled and numbered action, and respectfully file this, demand for a jury trial, and would show the court as follows:

DEFENDANT hereby makes a demand for trial by jury in the above styled and numbered cause more than 30 days before the date this case is set for trial in accordance with Rule 216 of the Texas Rules of Civil Procedure. The requisite fee is being paid contemporaneously with this filing.

WHEREFORE, DEFENDANT respectfully request that a jury be empaneled to consider the matters presented in this case, and that the court grant Defendant any and all other relief to which Defendant may be justly entitled.

Respectfully submitted,

**DAVID KNIGHT AND ASSOCIATES**

By: _/s/ David S. Knight_____
    **DAVID S. KNIGHT**
    SBN: 11597300
    dsknight@knight-law.net
    217 Avondale
    Houston, Texas 77006-3241
    713/521-9150 Telephone
    713/521-9170 Facsimile
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the _27th_ day of _January_, 2020, a true and correct copy of the above and foregoing was forwarded to all counsel of record via E-Service, certified mail, return receipt requested, regular mail, e-mail and/or facsimile.

*VIA FACSIMILE(855) 423-4529*
*And/or E-File*
litigation@thehadilawfirm.com
Husein Hadi
SBOT: 24067641
Jamil Thomas
SBOT: 24066914
Carnegie H. Mims, III
SBOT: 24046448
Sedrick Staggs
SBOT: 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone No. 832/433-7977
litigation@thehadilawfirm.com


   _/s/ David S. Knight_____
**DAVID S. KNIGHT**

Unofficial Copy Office of Marilyn Burgess District Clerk

**Exhibit D**

2/27/2020 8:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41192734
By: Brenda Espinoza
Filed: 2/27/2020 8:08 AM

## CAUSE NO. 2019-47293

| | | |
|---|---|---|
| **WILLIAM TODD BLACK AND JEFFREY ALAN LAPINE** | § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | **HARRIS COUNTY, TEXAS** |
| **JOSIAH BARBER AND REBECCA HARKINS** | § § § | **HARRIS COUNTY, TEXAS** |

### UNOPPOSED MOTION TO WITHDRAW AND SUBSTITUTE ATTORNEY OF RECORD

David S. Knight of David Knight & Associates, attorney for Defendant, **GOVERNMENT EMPLOYEES INSURANCE COMPANY**, respectfully represents to this Court that he wishes to withdraw as attorney of record for Defendant in the above-entitled and numbered cause of action; and that in his place will be substituted GREGORY M. HOWARD, of the law firm of GERMER PLLC, 2929 Allen Parkway, Suite 2900, Houston, TX 77019; (713) 650-1313 Telephone; (713) 739-7420 Facsimile; State Bar No. 24042989.

Defendant has approved this substitution, and this Motion is not sought for the purposes of delay, but only so that justice may be served.

For these reasons, Defendant prays that the foregoing Motion for Substitution of Counsel be granted and sustained.

Respectfully submitted,

**DAVID KNIGHT & ASSOCIATES**

By: ___/s/ David S. Knight_____

**DAVID S. KNIGHT**
State Bar No. 11597300
dsknight@knight-law.net
217 Avondale Street
Houston, Texas 77006
(713) 521-9150 – Telephone
(713) 521-9170 – Facsimile

**ATTORNEY FOR DEFENDANT,
GEICO COUNTY MUTUAL INSURANCE
COMPANY**

*Exhibit D*

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Plaintiff about the filing of this motion, and Plaintiff's counsel is unopposed to this motion.

_____

**GREGORY M. HOWARD**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 27th day of February, 2020.

_____

**GREGORY M. HOWARD**

Unofficial Copy Office of Marilyn Burgess District Clerk

2/27/2020 8:08:42 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 41192734
By: ESPINOZA, BRENDA A
Filed: 2/27/2020 8:08:42 AM

Pgs-2

SBATX

*Exhibit D*

CAUSE NO. 2019-47293

| | | |
|---|---|---|
| **WILLIAM TODD BLACK AND JEFFREY ALAN LAPINE** | § § § | **IN THE DISTRICT COURT** |
| **V.** | § § | **HARRIS COUNTY, TEXAS** |
| **JOSIAH BARBER AND REBECCA HARKINS** | § § § | **HARRIS COUNTY, TEXAS** |

**ORDER**

Having considered the Unopposed Motion to Withdraw and Substitute Attorney of Record for Defendant, **GOVERNMENT EMPLOYEES INSURANCE COMPANY**, the Court has determined that the Motion should be granted. It is therefore,

ORDERED, ADJUDGED AND DECREED that GREGORY M. HOWARD of GERMER, PLLC is substituted in place of Clay M. White of White & Shaver, as attorney of record for Defendant, **GOVERNMENT EMPLOYEES INSURANCE COMPANY**, in the above-entitled and numbered cause.

SIGNED THIS _____ DAY OF _____, 2020.

Signed:
3/2/2020

_____
JUDGE PRESIDING

**Exhibit D**

APPROVED AS TO FORM & SUBSTANCE:

**DAVID KNIGHT & ASSOCIATES**

By: __*/s/ David S. Knight*_____

       **DAVID S. KNIGHT**
       State Bar No. 11597300
       dsknight@knight-law.net
       217 Avondale Street
       Houston, Texas 77006
       (713) 521-9150 – Telephone
       (713) 521-9170 – Facsimile

**GERMER, PLLC**

By: _____

       **GREGORY M. HOWARD**
       State Bar No. 24042989
       ghoward@germer.com
       2929 Allen Parkway, Suite 2900
       Houston, TX 77019
       (713) 650-1313 Telephone
       (713) 739-7420 Facsimile

**ATTORNEY FOR DEFENDANT,**
**GOVERNMENT EMPLOYEES INSURANCE COMPANY**

Unofficial Copy Office of Marilyn Burgess District Clerk

**HCDistrictclerk.com**        BLACK, WILLIAM vs. BARBER, JOSIAH                3/6/2020
Cause: 201947293        CDI: 7        Court: 234

**APPEALS**

No Appeals found.

**COST STATMENTS**

No Cost Statments found.

**TRANSFERS**

No Transfers found.

**POST TRIAL WRITS**

No Post Trial Writs found.

**ABSTRACTS**

No Abstracts found.

**SUMMARY**

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 7/12/2019 | **Court** | 234th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686350 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Motor Vehicle Accident | **JudgeName** | LAUREN REEDER |
| **Next/Last Setting Date** | 8/24/2020 | **Court Type** | Civil |
| **Jury Fee Paid Date** | 1/27/2020 | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| BLACK, WILLIAM | PLAINTIFF - CIVIL | | HADI, HUSEIN |
| LAPINE, JEFFREY | PLAINTIFF - CIVIL | | HADI, HUSEIN |
| GEICO COUNTY MUTUAL INSURANCE COMPANY | DEFENDANT - CIVIL | | KNIGHT, DAVID S |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | DEFENDANT - CIVIL | | HOWARD, GREGORY M |
| GEICO COUNTY MUTUAL INSURANCE COMPANY (NONRESIDENT CORPORATION) | REGISTERED AGENT | | |

**INACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| BARBER, JOSIAH | DEFENDANT - CIVIL | | DRAVIS, TED E. |
| HARKINS, REBECCA | DEFENDANT - CIVIL | | DRAVIS, TED E. |

**JUDGMENT/EVENTS**

| Date | Description | | Pgs |
|---|---|---|---|

| Date | Description | Order Signed | Post Jdgm | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|
| 3/3/2020 | CASE REMOVED FROM HOLD FOR JUDGMENT STATUS | | 0 | | | |
| 3/2/2020 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 3/2/2020 | 2 | | | |
| 2/19/2020 | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | 2/19/2020 | 2 | | | |
| 1/27/2020 | ANSWER | | 0 | | KNIGHT, DAVID S | GEICO COUNTY MUTUAL INSURANCE COMPANY |
| 1/27/2020 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 1/27/2020 | ANSWER | | 0 | | KNIGHT, DAVID S | GOVERNMENT EMPLOYEES INSURANCE COMPANY |
| 12/5/2019 | SETTLEMENT ANNOUNCED NOT ON RECORD | | 0 | | | |
| 12/5/2019 | HOLD FOR JUDGMENT | | 0 | | | |
| 11/21/2019 | FIRST AMENDED ORIGINAL PETITION | | 0 | | HADI, HUSEIN | LAPINE, JEFFREY |
| 11/21/2019 | FIRST AMENDED ORIGINAL PETITION | | 0 | | HADI, HUSEIN | BLACK, WILLIAM |
| 8/22/2019 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 8/22/2019 | 2 | | | |
| 8/19/2019 | DESIGNATED TRIAL READY | | 0 | | | |
| 8/16/2019 | ANSWER | | 0 | | DRAVIS, TED E. | BARBER, JOSIAH |
| 8/16/2019 | ANSWER | | 0 | | DRAVIS, TED E. | HARKINS, REBECCA |
| 8/16/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 8/16/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 7/12/2019 | ORIGINAL PETITION | | 0 | | HADI, HUSEIN | LAPINE, JEFFREY |
| 7/12/2019 | ORIGINAL PETITION | | 0 | | HADI, HUSEIN | BLACK, WILLIAM |

## SETTINGS

| Date | Court Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|---|---|---|---|---|---|---|
| 2/17/2020 08:00 AM | 234 | Trial Coordinators Docket | DISMISS FOR WANT OF PROSECU-MTN TO (TRCP 165A) | Passed | | |
| 8/24/2020 08:30 AM | 234 | Trial Setting | Trial on Merits | | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 7/12/2019 | 7/12/2019 | 7/26/2019 | | 7/29/2019 | 73645395 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 6514 DARBY WAY SPRING TX 77389 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 7/12/2019 | 7/12/2019 | 7/26/2019 | | 7/29/2019 | 73645396 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 6514 DARBY WAY SPRING TX 77389 | | | | | | | | | |

| CITATION SERVICE RETURN/EXECUTED | AMENDED ORIGINAL PETITION | GEICO COUNTY MUTUAL INSURANCE COMPANY (NONRESIDENT CORPORATION) | 11/21/2019 | 1/2/2020 | 1/3/2020 | | 1/7/2020 | 73709936 | E-MAIL |

2280 N GREENVILLE AVENUE RICHARDSON TX 75082

## Notices

| Notice Date | Activity Date | Description | Connection To Case | Name | Address | Phone |
|---|---|---|---|---|---|---|
| 8/27/2019 | 8/22/2019 | | 0 | DRAVIS, TED E. | 13620 N.FM 620,B, AUSTIN, TX 78717 | 512-231-4701 |
| 8/27/2019 | 8/22/2019 | | 0 | HADI, HUSEIN | 7100 REGENCY SQ, HOUSTON, TX 77036 | 832-433-7977 |
| 3/5/2020 | 3/2/2020 | | 0 | HOWARD, GREGORY M | 2929 ALLEN PARK, HOUSTON, TX 77019 | 713-650-1313 |
| 3/5/2020 | 3/2/2020 | | 0 | KNIGHT, DAVID S | 217 AVONDALE, HOUSTON, TX 77006 | 713-521-9150 |
| 2/20/2020 | 2/19/2020 | | 0 | BARBER, JOSIAH | 6514 DARBY WAY, SPRING, TX 77389 | |
| 2/20/2020 | 2/19/2020 | | 0 | HADI, HUSEIN | 7100 REGENCY SQ, HOUSTON, TX 77036 | 832-433-7977 |
| 2/20/2020 | 2/19/2020 | | 0 | DRAVIS, TED E. | 13620 N.FM 620,B, AUSTIN, TX 78717 | 512-231-4701 |
| 2/20/2020 | 2/19/2020 | | 0 | KNIGHT, DAVID S | 217 AVONDALE, HOUSTON, TX 77006 | 713-521-9150 |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 89701199 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | | 03/02/2020 | 2 |
| 89634229 | Unopposed Motion to Withdraw and Substitute Attorney Of Record | | 02/27/2020 | 2 |
| -> 89634230 | Proposed Order | | 02/27/2020 | 2 |
| 89515126 | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | | 02/19/2020 | 2 |
| 89477659 | Agreed Motion to Dismiss with Prejudice | | 02/18/2020 | 2 |
| -> 89477660 | Proposed Order of Dismissal with Prejudice | | 02/18/2020 | 2 |
| 89111981 | Defendant's Origianl Answer to Plaintiffss First Amended Petition | | 01/27/2020 | 8 |
| | Defendant's Origianl Answer to Plaintiffss First Amended Petition | | 01/27/2020 | |
| 89111982 | Defendant's Jury Demand | | 01/27/2020 | 2 |
| 88800149 | Citation | | 01/07/2020 | 3 |
| 88738225 | eIssue: Citation | | 01/02/2020 | 2 |
| 88552372 | NOTICE OF INTENT TO DISMISS | | 12/16/2019 | 2 |
| 88396921 | Rule 11 Agreement re Settlement | | 12/05/2019 | 2 |
| -> 88396922 | Cover Letter | | 12/05/2019 | 2 |
| 88212021 | Plaintiffs First Amended Petition and Request for Disclosures | | 11/21/2019 | 12 |
| | Plaintiffs First Amended Petition and Request for Disclosures | | 11/21/2019 | |
| -> 88212023 | CIVIL PROCESS REQUEST | | 11/21/2019 | 1 |
| | CIVIL PROCESS REQUEST | | 11/21/2019 | |
| 88212021 | Plaintiffs First Amended Petition and Request for Disclosures | | 11/21/2019 | 12 |
| -> 88212023 | CIVIL PROCESS REQUEST | | 11/21/2019 | 1 |

# *Exhibit D*

| 87755445 | Notice of Delivery | 10/23/2019 | 1 |
| 87755555 | Notice of Delivery | 10/23/2019 | 1 |
| 87014831 | Notice of Intention to Take Deposition by Written Questions | 09/09/2019 | 3 |
| 87014833 | Notice of Intention to Take Deposition by Written Questions | 09/09/2019 | 3 |
| 86801614 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 08/22/2019 | 2 |
| 86692451 | Defendant's Original Answer and Jury Demand | 08/16/2019 | 3 |
| | Defendant's Original Answer and Jury Demand | 08/16/2019 | |
| 86375354 | Citation | 07/29/2019 | 1 |
| 86375542 | Citation | 07/29/2019 | 1 |
| 86136225 | Plaintiffs Original Petition and Requset for Disclosures | 07/12/2019 | 6 |
| ·> 86136226 | Civil Process Request | 07/12/2019 | 1 |
| ·> 86136227 | Civil Process Request | 07/12/2019 | 1 |
| 86208268 | Civil Process Pick-Up Form | 07/12/2019 | 1 |